UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHRISTOPHER BURNELL THOMPSON,

            Plaintiff,            Case No. 2:17-cv-68

v.                                     Honorable Robert J. Jonker

PETER JAKLEVIC et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Peter Jaklevic, Unknown Jaklevic, Scott P. Hill-Kennedy, Unknown Hill-Kennedy, Terri L. Pontz, Unknown Pontz, Sherry Earnest, Unknown Earnest, Kathleen Olson, Unknown Olson, Heidi Washington, Unknown Washington, Marcee Purcell, and Todd Purcell for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred prior to his incarceration and in the Chippewa Correctional Facility (URF). Plaintiff sues Prosecuting Attorney Peter Jaklevic and his spouse Unknown Jaklevic, State Court Judge Scott P. Hill-Kennedy and his spouse Unknown Hill-Kennedy, Court Administrator Terri L. Pontz and her spouse Unknown Pontz, County Treasurer Sherry Earnest and her spouse Unknown Earnest, Warden Kathleen Olson and her spouse Unknown Olson, MDOC Director Heidi Washington and her spouse Unknown Washington, Clerk of Court Marcee Purcell and her spouse Todd Purcell.

Plaintiff alleges that he served Defendants with a "Complaint & Affidavit of Obligation for Claim," asserting human rights violations committed by Defendants in regard to state court Case Number 07-005951-FH-K. Plaintiff attaches a copy of his Judgment of Sentence, which shows that Plaintiff received two sentences of 8 to 50 years imprisonment for operating a vehicle while under the influence and fleeing from police. Plaintiff also received a sentence of 365 days for operating a vehicle with a suspended license. *See* ECF No. 1-6. Plaintiff states that Defendants failed to respond to his "Complaint and Affidavit." Plaintiff now seeks an order entering a default judgment against Defendants, which would entitle Plaintiff to damages and equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

3

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's "Complaint & Affidavit of Obligation for Claim," is clearly an attempt to indirectly challenge his state court criminal convictions. Therefore, the instant lawsuit, in which Plaintiff seeks to enforce his "Complaint & Affidavit of Obligation for Claim," is also an attempt to challenge those convictions. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state-court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker–Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. In this case, the source of Plaintiff's injury is his state court convictions. Therefore, Plaintiff's claims are barred.

4

Moreover, to the extent Plaintiff seeks monetary relief for alleged violations of Constitutional rights that occurred during his state criminal trial, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a Section 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under Section 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal convictions have been invalidated.

In addition, Scott P. Hill-Kennedy is a state court judge. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations

omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations do not appear to implicate either of the exceptions to judicial immunity. Actions taken during the trial and sentencing of a criminal defendant are a judicial act. Accordingly, Judge Scott P. Hill-Kennedy is absolutely immune from liability. Consequently, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

Prosecutor Peter Jaklevic is also entitled to absolute immunity for his actions in prosecuting the criminal proceedings against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are

entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Plaintiff has failed to allege any specific facts showing that the actions of Defendant Peter Jaklevic were taken outside his role as an advocate in the judicial phase of the criminal process. Therefore, he is entitled to immunity from damages.

Finally, the Court notes that Plaintiff fails to allege any specific facts with regard to the conduct of Defendants Unknown Jaklevic, Unknown Hill-Kennedy, Terri L. Pontz, Unknown Pontz, Sherry Earnest, Unknown Earnest, Kathleen Olson, Unknown Olson, Heidi Washington, Unknown Washington, Marcee Purcell, and Todd Purcell. Plaintiff's claims against them are based solely on the fact that they are employed by the trial court or by the MDOC, or that they are married to the other named Defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims

7

against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Peter Jaklevic, Unknown Jaklevic, Scott P. Hill-Kennedy, Unknown Hill-Kennedy, Terri L. Pontz, Unknown Pontz, Sherry Earnest, Unknown Earnest, Kathleen Olson, Unknown Olson, Heidi Washington, Unknown Washington, Marcee Purcell, and Todd Purcell will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: October 24, 2017              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE